# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**SOLOMAN STEVE KENNEDY**                                               **PETITIONER**

**V.**                                          **CIVIL ACTION NO. 3:24-CV-448-DPJ-LGI**

**ANGELENA JOHNSON, WARDEN,**
  East Mississippi Central Correctional Facility                        **RESPONDENT**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Soloman Steve Kennedy seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. Respondent moves to dismiss his petition as time-barred under 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996. Alternatively, Respondent argues that Petitioner's claims are procedurally defaulted for failure to exhaust. After a review of the record and the applicable law, the undersigned recommends that the petition be denied with prejudice.

Five years ago, Kennedy was convicted in of being a felon in possession of a firearm. He was sentenced as a habitual offender on November 20, 2020, to serve ten years in the custody of the Mississippi Department of Corrections. Kennedy did not appeal his conviction or seek post-conviction relief. He filed the instant petition challenging that conviction in July 2024.[1]

---

[1] In 2021, this Court dismissed Petitioner's prior habeas petition challenging this same conviction and sentence for Petitioner's failure to exhaust his state court remedies. *Kennedy v. Cain*, No. 3:21-CV-231-KHJ-MTP (S.D. Miss. Aug. 2, 2021). Although initially unclear, the Court has liberally construed his current petition as unequivocally challenging the validity of his conviction and sentence.

The Antiterrorism and Effective Death Penalty Act (AEDPA) "introduced both 'simple logic' to the federal habeas landscape and uniform rules for federal courts to apply." *Wallace v. Mississippi*, 43 F.4th 482 (5th Cir. 2022) (quoting *Smith v. Titus*, 141 S. Ct. 982, 987, 209 L. Ed. 2d 488 (2021)). "Namely, it implemented a host of greatly needed procedural requirements for petitioners seeking habeas relief." *Id.* Among them is the one-year statute of limitations on state prisoners filing a federal habeas petition. Under 28 U.S.C. § 2244(d)(1), AEDPA provides that the statute of limitations shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (d)(1)(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).  Thus, unless the narrow exceptions of § 2244(d)(1)(B)-(D) apply, a federal habeas petition must be filed within one year of the final judgment of

the defendant's conviction, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court.  *See Madden v. Thaler*, 521 F. App'x 316 (5th Cir. 2013).  AEDPA's statute of limitations period may also be equitably tolled if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations and citations omitted); *see also Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (equitable tolling may apply to extend the one-year statute of limitations period, but only in rare and exceptional circumstances).

Applying these standards here, Kennedy's conviction became final on December 21, 2020, when the 30-day period for filing a direct appeal ended.[2]  Miss. R. App. P. 4. (notice of appeal must be filed 30 days after the date of entry of the judgment or order appealed from).  *Wallace v. Mississippi*, 43 F.4th 482, 497 (5th Cir. 2022) (citing *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)) (statute of limitations begins to run when time for seeking further direct review expires)).  To toll the statute of limitations, he had to file a motion for post-conviction collateral relief on or before December 21, 2021.  Because he did not do so, AEDPA's one-year statute of limitations ran uninterrupted until

---

[2] Because the deadline expired on Sunday, December 20, 2020, the deadline is calculated as December 21, 2020.  *See Flanagan v. Johnson*, 154 F.3d 196, 201–02 (5th Cir. 1998) (holding that Federal Rule of Civil Procedure 6(a) applies to the calculation of the statutory limitations period for federal habeas petitions); *see also* Fed. R. Civ. P. 6(a)(1)(C) (providing that when the period ends on a Saturday, "the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.").

it expired on December 21, 2021.  Absent equitable or statutory tolling, his federal habeas petition filed nearly three years after the deadline expired and more than five years after his conviction is untimely.

Kennedy does not deny that his petition is untimely, and he has filed no response or otherwise challenged the motion to dismiss.  He has made no attempt, therefore, to show that he exercised reasonable diligence in pursuit of his federal habeas claims, or that some extraordinary circumstance prevented him from filing before the expiration of the statute of limitations.  Rather, he has filed more than twenty motions raising what appear to be unrelated arguments concerning his prior sentences, a probation violation, and conditions of confinement.[3]  The Court has twice cautioned him as a result against filing repetitive, voluminous, and inapplicable documents, as they only delay the Court's ability to consider the merits in a timely manner.[4]

---

[3] To the extent that Kennedy intends to challenge the conditions of confinement, such claims are properly brought under 42 U.S.C. § 1983. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).

[4] Slightly modified for clarity, see ECF Nos:  [6]"Motion of Objection /on Kidnappings;" [7] "Motion of Unlawful Person held in the State Penitentiary;" [9] "Motion of Cruel and Unusual Punishments on Kidnapping;" [10] "Motion of Showing Cause;" [11] "Motion of Evidence;" [12] "Motion of Contraband[ ] Criminal Justice[];" [13] "Motion of Concurrence on both Cruel and Unusual Punishment on a Double Kidnapping;" [14] "Motion of Subpoena Kennedy Witness Trial;" [15] "Motion of Interrogation and Evidence;" [18] "Motion of Seriousness Conflicting/Cruel/Unusual Punishment on Kidnappings;" [23] "Motion of Serious Contraband[ ]/Motion of Kidnappings;" [24] "Trial Motion for Acquittal/and Motion for 2 Kidnappings;" [25] "Motion for Kidnapping and Held Hostage;" [26] "Motion of Concurrence on Double Cruel and Unusual Punishment on Kidnapping;" [27] "Motion of Unlawful Person Held in State Pentientiary;" [42] "Motion of Cruel and Unusual Punishment on Kidnapping;" [45] Motion of Aggravated Assault on Cruel and Unusual Caption Doubles Kidnappings Punishment;" [46] Letter; [47] "Motion for a Fast Speedy Trial on Cruel and Unusual Punishment on Kidnapping;" [49] "Motion of Conspiracy on Cruel and Unusual Punishments on Double Capital Kidnappings;" [52] "Motion of Remedy of Appearance of Notice Appearance on Capitan Kidnapping Cruel and Unusual Punishments;" [54] "Motion of Remedy Exhaustion on Cruel and

Lastly, to the extent that Kennedy's filings are construed as requests for appointment of counsel or an evidentiary hearing, they should be denied. 28 U.S.C. § 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and, the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B). Kennedy has not made this showing here. Likewise, the Court is familiar with the applicable law and the interests of justice do not require the appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B).

In sum, Kennedy has failed to show that he exercised reasonable diligence in pursuit of his federal habeas claims or that extraordinary circumstances prevented him from timely filing his petition. None of AEDPA's other statutory exceptions apply, and none of his remaining arguments are relevant or warrant tolling of the statute of limitations. Absent tolling, his habeas petition is untimely and should be denied with prejudice. All other pending motions should likewise be denied. Because the Court so finds, it need not address Petitioner's failure to exhaust state court remedies and procedural default.

---

Unusual Punishment on Double Capital Kidnappings;" [56] "Motion on Certification to Federal Courthouse;" and [57] "Motion of Mr. Kennedy Relief from Incarceration or Paroled."

## NOTICE OF RIGHT TO APPEAL/OBJECT

Under Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation.  Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, will bar that party from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, except upon grounds of plain error.  28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted on January 15, 2026.

s/ LaKeysha Greer Isaac
UNITED STATES MAGISTRATE JUDGE
